THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PUYALLUP TRIBE OF INDIANS,<br><br>                Plaintiff,<br>    v.<br><br>ELECTRON HYDRO, LLC, *et al.*,<br><br>                Defendants. | CASE NO. C20-1864-JCC<br><br>ORDER |

This matter comes before the Court on Defendants' cross-motion for partial dismissal (Dkt. No. 52 at 24–29). Having thoroughly considered the briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

The Court summarized the background of this case in a recent order disposing of the Puyallup Tribe of Indians' motion for summary judgment. (*See* Dkt. No. 78 at 1–3.) In opposing that motion, Defendants cross-moved for dismissal of the Tribe's claims regarding the yet-to-be constructed bladder spillway. (*See* Dkt. No. 52 at 24–29.) In their motion, Defendants contend these claims are unripe until the permitting agencies complete the review process and/or construction begins. (*Id.*)

A defendant may move for dismissal under Federal Rule of Civil Procedure 12(b)(1) if the Court lacks subject matter jurisdiction over the claims at issue. "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn*

*v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). A Rule 12(b)(1) motion to dismiss may raise various obstacles to federal jurisdiction, such as ripeness. Fed. R. Civ. P. 12(b)(1); *see St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). The purpose of the ripeness doctrine is to shield federal courts from engaging in premature adjudication and becoming ensnared in abstract disputes. *Ohio Forestry Ass'n, Inc. v. Sierra Club*, 523 U.S. 726, 736 (1998). A "case is not ripe where the existence of the dispute itself hangs on future contingencies that may or may not occur." *Clinton v. Acequia, Inc.,* 94 F.3d 568, 572 (9th Cir. 1996).

Here, the Tribe alleges that Defendants' planned construction and operation of a bladder spillway constitutes a take of Chinook salmon, steelhead trout, and bull trout, prohibited under the Endangered Species Act ("ESA"). (*See generally* Dkt. No. 43.) But at the moment, and as Defendants point out, many steps remain before any of this could occur. (*See* Dkt. No. 52 at 28.) For example, for ESA purposes, while Electron Hydro, LLC is actively seeking a Section 10 incidental take permit, a Habitat Conservation Plan must still be approved, and Section 7 agency consultation must still occur, *see* 16 U.S.C. §§ 1539(a)(1)(B), 1539(a)(2); moreover, notice and comment is also pending. (*Id.* at 26–28.) It is entirely possible that the final plan will materially change based on this process.

In determining the ripeness of any claim, the Court engages in a two-part test: it considers (1) the fitness of the particular issues for judicial decision, and (2) the hardship to the parties of withholding review. *Ohio Forestry Ass'n, Inc.*, 523 U.S. at 726. Here, both cut in favor of Defendant's request. Specifically, delaying this Court's review until the bladder spillway replacement is permitted and finalized would, rather than impose a hardship to the Tribe, allow the Court to better tailor a remedy if one is, in fact, required. At the moment, this is unknown. Fundamentally, it would be premature to subject Defendants' permit procedure to judicial review before permits resulting in a possible take are complete. *See California River Watch v. Cnty. of Sonoma*, 55 F. Supp. 3d 1204, 1210 (N.D. Cal. 2014). Nor does the Court see how the mere

*consideration* of the planned spillway by regulating agencies, rather than its construction and operation, harm the Puyallup Tribe's interest(s). The Tribe will have ample opportunity to mount a legal challenge if and when harm becomes imminent and certain. For now, though, it does not rise beyond speculation. *See Thomas v. Anchorage Equal Rights Commn.*, 220 F.3d 1134, 1141 (9th Cir. 2000) (discussing merger of ripeness doctrine with standing considerations).

For the foregoing reasons, Defendant's cross-motion for partial dismissal (Dkt. No. 52 at 28) is GRANTED. The Puyallup Tribe's claims seeking prospective injunctive relief based on the construction and operation of the bladder spillway, (*see* Dkt. No. 43 at 15–17), are dismissed without prejudice as unripe.

Given the recent rulings in this case, and Defendant's notice of appeal, (*see* Dkt. No. 79), the parties are further DIRECTED to meet and confer and provide the Court with a joint status report within 7 days of this order addressing what claims remain for this Court's consideration and/or trial.

DATED this 21st day of February 2024.

John C. Coughenour
UNITED STATES DISTRICT JUDGE