THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PUYALLUP TRIBE OF INDIANS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ELECTRON HYDRO, LLC, and THOM A. FISCHER,<br><br>　　　　　　Defendants. | CASE NO. C20-1864-JCC<br><br>ORDER |

　　　This matter comes before the Court on Defendants' motion to stay pending appeal (Dkt. No. 86). Having thoroughly considered the briefing and the relevant record, the Court DENIES the motion for the reasons explained herein.

　　　On February 16, 2024, the Court granted partial summary judgment to Plaintiff. (Dkt. No. 78.) In so doing, it ordered Defendants to remove a portion of the rock dam/spillway at issue in this case no later than September 15, 2024 and to apply for the requisite permits within 10 days of the Court's order. (*See generally id.*) On February 20, 2024, Defendants filed a notice of appeal. (*See* Dkt. No. 79.) They now move for a stay of this Court's February 16 order pending the appeal. (*See* Dkt. No. 86.) When evaluating a motion for the stay of an injunction pending appeal, the Court considers the following: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably

ORDER
C20-1864-JCC
PAGE - 1

injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) "The first two factors . . . are the most critical." *Id.* In this case, an application of those factors does not support the stay Defendants seek.

**First**, they are unlikely to succeed on the merits. The Court, in its order granting Plaintiff's motion for partial summary judgment, described why Defendants failed to establish a genuine issue of fact as to whether the rock dam/spillway represented an unpermitted take under the Endangered Species Act ("ESA") and why it tailored the remedy as it did. (*See* Dkt. No. 78 at 6–8.) Nothing in Defendants' instant motion compels a different conclusion. (*See generally* Dkt. No. 86.) **Second**, the logical injury stemming from the Court's ruling, at least as to Defendants, is ostensibly financial. (*See id.* at 5.) But any such injury is largely Defendants' own doing, as they constructed the rock dam/spillway following the 2020 turf incident—which, again, was their own doing. *See United States v. Electron Hydro, LLC.*, Case No. C20-1746-JCC, Dkt. No. 149 at 1–5 (W.D. Wash.).[1] **Third**, as the Court previously found, numerous species listed as threatened under the ESA are irreparably injured by the rock dam/spillway's mere existence. (Dkt. No. 78 at 8–9.) Short of removing a sufficient portion to allow for fish passage, that injury will continue unabated. (*Id.*) **Fourth**, the public interest strongly favors denying Defendant's request. Recovery of the Chinook salmon population on the Puyallup River is of critical importance to the Puyallup Tribe. (*See* Dkt. No. 51 at 2–4.) This applies with equal force to the public at large, given the threatened nature of this species, along with the other threatened species impacted by the rock dam/spillway. *See Tennessee Valley Auth. v. Hill*, 437 U.S. 153, 194 (1978).

For the foregoing reasons, Defendant's motion to stay pending appeal (Dkt. No. 86) is DENIED.

---

[1] Moreover, in the ESA context, the relevance of Defendants' injury is arguably diminished. *See Natl. Wildlife Fedn. v. Natl. Marine Fisheries Serv.*, 886 F.3d 803, 817 (9th Cir. 2018).

DATED this 8th day of March 2024.

							      _____
							      John C. Coughenour
							      UNITED STATES DISTRICT JUDGE